# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SATIRA M. QUARLES, J.D.,** : | **CIVIL ACTION NO. 1:04-CV-1562** |
|    **Plaintiff** : | **(Judge Conner)** |
| **v.** : | |
| **CENDANT CORPORATION, et al.,** : | |
|    **Defendants** : | |

## ORDER

AND NOW, this 25th day of May, 2005, upon consideration of the order of court dated May 12, 2005 (Doc. 77), in which plaintiff was directed to file a brief in opposition to defendants' motion to dismiss and for sanctions (Doc. 75) on or before May 24, 2005, and advised that failure to comply could result in the granting of the motion, see L.R. 7.6 ("Any party opposing any motion shall file a responsive brief . . . [or] shall be deemed not to oppose such motion."), or dismissal of the above-captioned case for failure to prosecute, see id. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), and it appearing that plaintiff has not filed a brief in opposition to the motion as of the date of this order, and that plaintiff, proceeding *pro se* and *in forma pauperis* in this action, was

advised of the necessity of filing a brief in opposition (Doc. 77) and is personally responsible for failing to do so, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as first factor), that plaintiff's conduct has prejudiced defendants by protracting these proceedings, see id. (identifying "[p]rejudice to the adversary" as second factor), that plaintiff's failure to timely file briefs in opposition to several motions (compare Docs. 31, 33, 36 with Docs. 53, 54, 59, 62; see also Docs. 47, 51, 53),[1] failure to timely file statements of opposing material facts (compare Docs. 32, 35, 40 with 55, 56, 61; see also Docs. 47, 51, 53),[2] and failure to file a brief in opposition to the motion to dismiss and for sanctions constitute a history of dilatoriness (see Doc. 77), see Poulis, 747 F.2d at 868 (identifying "history of dilatoriness" as third factor), that plaintiff's failure to comply with prior orders after being advised that inaction may result in dismissal of the complaint constitutes willful disregard of the court's authority, see Poulis, 747 F.2d at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor), that assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff is proceeding *in forma pauperis*, see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor), and that claims of the complaint are likely without merit (see Docs. 34, 35, 37, 40; see also Doc. 75,

---

[1] See L.R. 7.6 ("Any party opposing any motion shall file a responsive brief . . . within fifteen (15) days after service of the movant's brief . . . .").

[2] See L.R. 56.1 ("The papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts . . . .).

Exs. 1, 3, 3a), see Poulis, 747 F.2d at 869-70 (identifying "[m]eritoriousness of the claim" as sixth factor), and upon further consideration of the motion to dismiss and for sanctions (Doc. 75), in which defendants aver that plaintiff failed to be sworn or to answer questions at a deposition, and it appearing that there is no evidence of record that plaintiff was in violation of an order of the court, see FED. R. CIV. P. 37(b) (providing for sanctions when the deponent fails to comply with an order of court); Gen'l Ins. Co. Of Am. v. E. Consol. Utilities, Inc., 126 F.3d 215 (3d Cir. 1997) (requiring that a deponent violate terms of particular order to be sanctionable under Rule 37(b)), it is hereby ORDERED that:

1. The motion to dismiss and for sanctions (Doc. 75) is DENIED. See FED. R. CIV. P. 37(b).[3]

2. The above-captioned case is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] Defendants' brief in support of the motion addresses their request for the dismissal of this case, does not set forth any law to support their request for monetary sanctions. (See Docs. 75, 76). Although plaintiff's conduct at the deposition arguably falls within the ambit of Rule 37(d), see Black Horse Lane v Assoc. , L.P. v. Dow Chem. Corp., 228 F.3d 275 (3d Cir. 2000), the court will not speculate on the appropriateness of that rule.